UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL AGUIRRE-FLORES,

Petitioner,

v.

CURRENT OR ACTING WARDEN OF CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-07801-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT, AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On September 23, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner also filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).

/////

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

On September 25, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 28, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondent states that petitioner is detained pursuant to § 1226(a) and therefore is entitled to seek a custody redetermination hearing. (*Id.* at 1.) Respondent attaches thereto a form I-213, which states that petitioner was previously detained on August 17, 2018 before being re-detained on August 10, 2026. (Doc. No. 8-1 at 4.) Further, respondent does not oppose the court deciding this case on the merits, and the court will do so.

In light of petitioner's prior detention and re-detention, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025). Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Manuel Aguirre-Flores, A-File No. 215-896-106, from respondent's custody on the same conditions he was subject to prior to his recent re-detention;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;
4. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting him *habeas* relief;
5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and
6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 8, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE